# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

Mitsubishi HC Capital America, Inc.
f/k/a Hitachi Capital America Corp.,

    Plaintiff,

v.

Aerospace Asset Trading, LLC and
Steven M. Polederos,

    Defendants.

**COMPLAINT**

COMES NOW Plaintiff Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America Corp. ("Plaintiff")[1], and as for its Complaint against Defendants, states and alleges as follows:

## PARTIES

1. Plaintiff is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 7808 Creekridge Circle, Suite 250, Edina, Minnesota 55439. Accordingly, Plaintiff is a citizen of Delaware and Minnesota.

2. Defendant Aerospace Asset Trading, LLC ("Aerospace") is a limited liability company existing under the laws of the State of Florida with a principal place of business located at 1800 NW 129th Avenue, Suite 100, Miami, Florida

---

[1] On October 1, 2021, Hitachi Capital America Corp. changed its name to Mitsubishi HC Capital America, Inc.

33182. Based upon the records on file with the Florida Secretary of State, none of the members of Aerospace are citizens of Delaware or Minnesota.

3. Defendant Steven M. Polederos ("Polederos") is an individual citizen of the State of Florida, residing at 6090 SW 112 Street, Miami, Florida 33156.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000), exclusive of interest and costs; it is between citizens of different states; and there is complete diversity between the parties.

5. This Court has personal jurisdiction over Aerospace because it is a Florida limited liability company with a principal place of business located in Florida and, more particularly, within this District.

6. This Court has personal jurisdiction over Polederos because he resides in Florida and, more particularly, within this District.

7. Plaintiff is a Delaware Corporation with a principal place of business in Minnesota and is thus diverse from Aerospace and Polederos (collectively, the "Defendants") for purposes of citizenship.

8. Pursuant to 28 U.S.C. § 1391(b), venue is properly established in this judicial district.

9. Venue is also appropriate in this judicial district as the Defendants have contractually consented to this Court's jurisdiction.

## FACTUAL ALLEGATIONS

10. On or about May 23, 2019, AVT – Florida, L.P. ("AVT") and Aerospace entered into Master Lease Agreement Number 2054342, to be effective on May 21, 2019 (the "Master Agreement"). A true and correct copy of the Master Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference. Pursuant to the Master Agreement, Aerospace agreed to pay AVT for certain equipment based on the terms set forth therein.

11. On or about May 23, 2019, Polederos signed a Personal Guaranty which provides, in part, that Polederos absolutely, unconditionally, and irrevocably guaranteed to AVT the payment and performance of all obligations under the Master Agreement and any schedules or amendments to the Master Agreement ("Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit B** and is incorporated herein by reference.

12. On or about May 23, 2019, AVT and Aerospace signed Lease Schedule No. ARSP_001 with Exhibits A and B, to be effective on May 21, 2019, pursuant to the Master Agreement ("Schedule No. ARSP_001"). Schedule No. ASRP_001 identifies, among other things, the specific equipment and other items provided by AVT to Aerospace and the monthly charges due thereon. It also identifies a schedule for Stipulated Loss Value. A true and correct copy of Schedule No. ASRP_001 is attached hereto as **Exhibit C** and is incorporated herein by reference.

13. On or about May 21, 2019, AVT, Aerospace, and Plaintiff signed a Notice of Assignment notifying Defendants that AVT assigned its interest in the Master Agreement, the leased property and Schedule No. ASRP_001 to Plaintiff ("Notice of Assignment"). A true and correct copy of the Notice of Assignment is attached hereto as **Exhibit D** and is incorporated herein by reference.

14. Aerospace and Plaintiff entered into an Amendment to Master Lease Agreement No. 2054342, Schedule 001 effective March 25, 2020 ("Amendment No. 1"). Amendment No. 1 made certain changes to the scheduled Monthly Payments due under the Master Agreement and Schedule No. ASRP_001, but all other terms and conditions remained in full force and effect. A true and correct copy of Amendment No. 1 is attached hereto as **Exhibit E** and is incorporated herein by reference.

15. On August 17, 2020, Aerospace and AVT, in its individual capacity and as servicer on behalf of Plaintiff, entered into a Second Amendment to Lease relating to the Master Agreement and Schedule No. ASRP_001 ("Amendment No. 2"). Among other things, Amendment No. 2 made certain changes to the Basic Rent and payment schedule. It also incorporated all terms and conditions of the Master Agreement and Schedule No. ASRP_001. A true and correct copy of Amendment No. 2 is attached hereto as **Exhibit F** and is incorporated herein by reference.

16. The Master Agreement, Schedule No. ASRP_001, Amendment No. 1, and Amendment No. 2 are hereinafter referred to collectively as the "Agreement."

17. On or about January 15, 2021, Plaintiff assumed all servicing obligations and responsibilities with respect to the Agreement.

18. Pursuant to the express terms of the Agreement and the Guaranty, Defendants agreed to pay monthly rent for the equipment in the amounts and for the term provided therein. If any payment is not received when due, Defendants also agreed to pay as a late fee an amount of five percent (5%) of the amount due (not to exceed maximum lawful charges).

19. Pursuant to the express terms of the Agreement and the Guaranty, Defendants agreed to pay all property taxes imposed upon or in connection with the equipment that is the subject of the Agreement.

20. Pursuant to the express terms of the Agreement and the Guaranty, Defendants' failure to make any payment due under the Agreement, including Basic Rent, within five (5) days of the due date, constitutes a material Event of Default under the Agreement entitling Plaintiff to exercise the remedies set forth therein.

21. Pursuant to the express terms of the Agreement and the Guaranty, Defendants agreed to pay to Plaintiff all of Plaintiff's costs, expenses, and reasonable attorney fees incurred in exercising any right or remedy under the Agreement, including, without limitation, all costs and expenses incurred in connection with any Event of Default.

22. Defendants have, among other things, failed and refused to pay the charges due in September 2020, October 2020, November 2020, December

5

2020, January 2021, February 2021, March 2021, April 2021, May 2021, June 2021, July 2021, August 2021, September 2021, October 2021, November 2021 and December 2021, resulting in Events of Default under the Agreement and breach of the Guaranty.

23. Plaintiff and Defendants are parties to a Forbearance Agreement and Amendment to Forbearance Agreement, pursuant to which Plaintiff agreed to forbear from exercising its rights against Defendants under the Agreement and the Guaranty on the terms set forth therein. A true and correct copy of the Forbearance Agreement and the Amendment to Forbearance Agreement are attached hereto as **Exhibit G** and **Exhibit H** respectively. Defendants failed to comply with their obligations under the Forbearance Agreement and the Amendment to Forbearance Agreement, as such, Plaintiff is entitled to exercise all of its rights and remedies.

24. As of December 21, 2021, the amount owed by Defendants to Plaintiff under the Agreement and the Guaranty totals well in excess of $75,000, the exact amount to be determined in these proceedings.

## COUNT I
### (BREACH OF CONTRACT - AEROSPACE)

25. Plaintiff restates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

26. Aerospace is bound by the terms of the Agreement.

27. Aerospace has committed several Events of Default under the Agreement and has otherwise breached the Agreement by, among other things,

6

failing to pay the charges due in September 2020, October 2020, November 2020, December 2020, January 2021, February 2021, March 2021, April 2021, May 2021, June 2021, July 2021, August 2021, September 2021, October 2021, November 2021 and December 2021.  Pursuant to the express terms of the Agreement, Plaintiff is entitled to, among other things: (i) recover from Aerospace all Basic Rent due as of the date of the Default, plus an amount equal to the Stipulated Loss Value; (ii) possession of the leased equipment; and (iii) exercise any other right or remedy available under the Agreement or applicable law.  Plaintiff is also entitled to recover from Aerospace late fees, property taxes, and all costs, expenses, and reasonable attorney fees incurred in connection with this lawsuit.

28. The above-described conduct constitutes a breach of the Agreement by Aerospace, and, as a direct and proximate result of Aerospace's breach of the Agreement, Plaintiff has suffered damages in an amount in excess of $75,000, to be proven in these proceedings, and Plaintiff is entitled to pursue all remedies available to Plaintiff under the Agreement, at law, in equity, or under any statute.

## COUNT II
### (BREACH OF CONTRACT - POLEDEROS)

29. Plaintiff restates and realleges the allegations contained in the paragraphs above as though fully set forth herein.

30. Poledexos is bound by the terms of the Guaranty.

31. Polederos has breached the Guaranty by, among other things, failing to pay all sums due and owing under and pursuant to the Guaranty and the Agreement.

32. The above-described conduct constitutes a breach of the Guaranty, and as a direct and proximate result of the breach of the Guaranty, Plaintiff has suffered damages in an amount in excess of $75,000, to be proven in these proceedings, and Plaintiff is entitled to pursue from Polederos all remedies available to Plaintiff under the Guaranty, the Agreement, and the law.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendants as follows:

1. As to Count I, awarding Plaintiff its damages against Aerospace in an amount in excess of $75,000, and awarding all other remedies available to Plaintiff under the Agreement and the law, including but not limited to: (a) all Basic Rent due as of the date of the Default, plus an amount equal to the Stipulated Loss Value; (b) the delivery of the equipment to Plaintiff; (c) late fees; (d) property taxes; and (e) all costs, expenses, and reasonable attorney fees incurred in connection with this lawsuit.

2. As to Count II, awarding Plaintiff its damages against Polederos in an amount in excess of $75,000, and awarding all other remedies available to Plaintiff under the Guaranty, the Agreement, and the law, including but not limited to: (a) all Basic Rent due as of the date of the Default, plus an amount equal to the Stipulated Loss Value; (b) the delivery of the equipment to Plaintiff;

(c) late fees; (d) property taxes; and (e) all costs, expenses, and reasonable attorney fees incurred in connection with this lawsuit.

3.      Awarding Plaintiff any additional damages that it may suffer from the date of this Complaint through the date of trial, awarding Plaintiff prejudgment interest, and awarding Plaintiff such other and further relief as the Court deems appropriate.

Date:  January 6, 2022               Cory J. Person, Esquire
                                     Sherilee J. Samuel, Esquire
                                     HILL WARD HENDERSON
                                     101 E. Kennedy Boulevard
                                     Suite 3700
                                     Tampa, FL 33602

21271251v3