UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20074-CIV-WILLIAMS/MCALILEY

MITSUBISHI HC CAPITAL AMERICA,
INC., *formerly known as*
HITACHI CAPITAL AMERICA CORP.,

    Plaintiff,

vs.

AEROSPACE ASSET TRADING, LLC
and STEVEN M. POLEDEROS,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
MOTION TO SET ASIDE CLERK'S DEFAULT**

Defendants, Aerospace Asset Trading, LLC and Steven M. Polederos, filed a Motion to Set Aside Clerk's Default (the "Motion"), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 12, 13). Plaintiff, Mitsubishi HC Capital America, Inc., does not object to the Motion. (ECF No. 12 at 4). For the reasons that follow, I recommend that the Court grant the Motion.

**I.    Background**

In January 2022, Plaintiff filed this lawsuit against Defendants. (ECF No. 1). Defendants were served with the Complaint and summonses, and their responses to the Complaint were due on February 22, 2022. (ECF Nos. 6, 7).

On February 9, 2022, Defendants hired counsel. (ECF No. 12 ¶ 3). The next day, Plaintiff and Defendants agreed to extend the deadline for Defendants to respond to the

Complaint, to March 8, 2022. (*Id.* ¶ 4). Defendants, however, did not timely file a motion for extension of time to respond to the Complaint. Nor did they file a responsive pleading before the February 22 deadline.

As a result, on February 23rd, the Court entered an Order that directed the Clerk to enter default against Defendants for failure to plead or otherwise defend. (ECF No. 8). Within an hour of that Order, Defendants filed an unopposed motion for extension of time to respond to the Complaint. (ECF No. 9). Consistent with Judge Williams' Order, the Clerk entered default against Defendants, and the Court denied Defendants' motion for extension of time. (ECF Nos. 11, 14).

On February 24th, Defendants filed this Motion, which asks the Court to set aside the Clerk's entry of default. (ECF No. 12).

**II.     Standard**

The Court has "considerable discretion" in deciding whether to set aside a default. *In re Fortner*, No. 12-60478-CIV, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). "The Eleventh Circuit has held that defaults are disfavored because of the strong policy of determining cases on their merits." *Id*. (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). A party seeking to vacate a default must only make a "bare minimum showing" to support the claim for relief. *Id.* (quoting *Jones v. Harell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is

less stringent than the standard used for setting aside a default judgment. *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Good cause is not subject to a precise formula and courts consider a number of factors when determining whether good cause exists. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Those factors include whether (1) the default was culpable or willful, (2) setting aside the default would prejudice the adversary, (3) the defaulting party presents a meritorious defense, (4) the public interest was implicated, (5) there was significant financial loss to the defaulting party, and (6) the defaulting party acted promptly to correct the default. *Id.* (citations omitted). Courts need not consider every factor. *Id.*

### III. Analysis

Defendants attribute their delay to a calendaring error; their counsel specifically states: "Through inadvertence and excusable neglect, the original response deadline of February 22, 2022 was not calendared, as the Parties had agreed to a response deadline almost immediately upon the retention of counsel." (ECF No. 12 ¶ 5).

On this record, Defense counsel's calendaring error is excusable neglect. Importantly, Defendants acted quickly once they realized their mistake. Within one hour of the Court's Order that directed the Clerk to enter default, Defendants filed an unopposed motion for extension of time to respond to the Complaint. Although that motion was untimely, it at least demonstrates Defendants' prompt attention to this matter. Moreover, within one day of the Clerk's entry of default, Defendants moved to correct the default and filed this unopposed Motion to set it aside, after conferral with Plaintiff's counsel. I thus

find that Defendants' delay does not demonstrate an "intentional or reckless disregard" for these proceedings. *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-cv-60079, 2019 WL 1921991, at *1 (S.D. Fla. Apr. 30, 2019) ("A party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings."). This case is still in its earliest stages, as Plaintiff filed the Complaint less than two months ago. Setting aside the default, therefore, would not prejudice Plaintiff, and importantly, Plaintiff agrees. *See* (ECF No. 12 at 4).

On this record, I find good cause to set aside the Clerk's entry of default. I therefore recommend that the Court grant Defendants' Motion (ECF No. 12) and set aside the default (ECF No. 11).

## IV.    Objections

**No later than seven (7) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 1st day of March 2022.

                                                                                            _____
                                                                                            CHRIS McALILEY
                                                                                           UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
     Counsel of record